UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**UNITED STATES OF AMERICA**,  Criminal Case No. 3:09-CR-00323-KI

    Plaintiff-Respondent,

                v.   OPINION AND ORDER

**RANDALL BRUCE TURNER,**

    Defendant-Movant.

    S. Amanda Marshall
    United States Attorney
    District of Oregon
    Fredric N. Weinhouse
    Assistant United States Attorney
    1000 S.W. Third Avenue, Suite 600
    Portland, Oregon 97204

        Attorneys for Plaintiff-Respondent

    Randall Bruce Turner, USM 90675011
    Butner, #2
    Federal Medical Center
    P.O. Box 1500
    Butner, NC 27509

        Pro Se Defendant-Movant

KING, Judge:

Before the court is defendant's Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255 [75].

## FACTS

Defendant pleaded guilty to one count of Armed Bank Robbery, in violation of 18 U.S.C. § 2113(a), (d). On January 4, 2012, I sentenced him to 100 months of imprisonment. Although the advisory guideline range was 188-235 months, the factors in § 3553(a), including defendant's medical condition, persuaded me that a variance was warranted. Defendant is currently incarcerated at FCI Butner Medium II, which is in the same correctional complex as the Federal Medical Center in Butner, North Carolina.

## LEGAL STANDARDS

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Page 2 - OPINION AND ORDER

Under § 2255, a district court must grant a hearing to determine the validity of a petition "unless the motion and the files and the record of the case conclusively show that the prisoner is entitled to no relief." United States v. Rodrigues, 347 F.3d 818, 824 (9th Cir. 2003). The petitioner must allege specific facts which, if true, would entitle him to relief. The court may refuse to hold an evidentiary hearing if the claim is "so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Howard, 381 F.3d 873, 877 (9th Cir. 2004).

## DISCUSSION

Defendant alleges two grounds for relief in his § 2255 motion. The first ground is that defendant is suffering from cruel and unusual punishment, in violation of the Eighth Amendment. Defendant alleges medical neglect while he awaited trial resulted in severe and permanent health problems which the Bureau of Prisons has not addressed. While defendant remains incarcerated, his suffering is increasing. The second ground is that defendant is suffering multiple punishments for the same offense in violation of the Fifth Amendment. Apparently, the first punishment is the prison term I imposed; the second punishment is the Bureau of Prisons' failure to provide adequate medical care.

As part of the plea agreement, defendant waived his right to appeal or to file any collateral attack, including a motion under § 2255, to challenge any aspect of his conviction or sentence except on the grounds of ineffective assistance of counsel.

A defendant may waive a statutory right to appeal his sentence or to collaterally attack a conviction through a § 2255 motion, but an express waiver is only valid if knowingly and voluntarily made. United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992). The court considers the circumstances surrounding

the signing and entry of the plea agreement in determining if a defendant agreed to the terms knowingly and voluntarily. Id.

Defendant's claims have nothing to do with ineffective assistance of counsel, and he does not even mention the attorney who represented him before this court. The claims are more in the nature of civil rights claims. Thus, the claims do not fall within the small exception to defendant's waiver of his right to file a § 2255 motion. The waiver contains the typical language in plea agreements, and I always question defendants about such waivers at plea hearings. There is no evidence, or even argument, that defendant did not knowingly and voluntarily agree to the waiver. For these reasons, I find defendant waived the right to bring this § 2255 motion, and I deny the motion.

Defendant is not entitled to a hearing because the record conclusively shows he is not entitled to relief.

**CONCLUSION**

Defendant's Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255 [75] is denied. Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

Dated this 4th day of February, 2013.

/s/ Garr M. King
Garr M. King
United States District Judge